Argued September 7, demurrer overruled, peremptory writ to issue
December 9, 1976, petition for rehearing denied January 11, 1977

# STATE ex rel JOHNSON, *Plaintiff,*
## *v.*
# ROTH, *Defendant.*

557 P2d 230

*Catherine Allan,* Assistant Attorney General,

Salem, argued the cause for plaintiff. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Diane Spies,* of Connall & Spies, P.C., Portland, argued the cause for defendant.

HOWELL, J.

**HOWELL, J.**

This is an original proceeding in mandamus brought by the Attorney General to require the defendant, a circuit judge in Multnomah County, to vacate an order requiring recordation of all grand jury testimony in a criminal case then pending, as well as the recordation of all testimony in all future criminal cases brought before the grand jury.[1] We issued an alternative writ. The defendant judge filed a demurrer and answer contending, inter alia, that his order requiring the recordation of grand jury testimony was a discretionary matter and that it was within the inherent power of the court to issue such an order.

Historically, the courts have always recognized that there is a "long established policy that maintains the secrecy of the grand jury proceedings." *United States v. Procter & Gamble,* 356 US 677, 681, 78 S Ct 983, 2 LEd 2d 1077 (1958). When disclosure is permitted, it is to be done "discretely and limitedly." *Id.* 356 US at 683.[2]

---

[1]The order stated, in pertinent part:

"IT IS ORDERED that defendant's motion for recordation of all testimony before the Multnomah County Grand Jury in the above-entitled case is hereby granted, nunc pro tunc, as, of, and for February 10, 1976, and

"IT IS FURTHER ORDERED that all testimony before the Grand Jury in all cases shall henceforth be recorded from and after the date of entry of this order, namely, February 20, 1976, and

"IT IS FURTHER ORDERED that the record of all such Grand Jury testimony shall be preserved under appropriate security as confidential information pending such later review by the court *in camera* as may be appropriate on a motion for disclosure of the same for purposes of criminal defense." (Emphasis in original.)

[2]The reasons for maintaining this policy of secrecy have been summarized as follows:

"(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he

*See also Dennis v. United States,* 384 US 855, 86 S Ct 1840, 16 LEd 2d 973 (1966).[3]

Similarly, our statutes also seek to preserve the secrecy of grand jury proceedings and allow disclosure only in limited cases. Under ORS 132.060 grand jurors are required to "keep secret the proceedings before you." A grand juror cannot be questioned about his vote or anything he says during the proceedings. ORS 132.210. However, disclosure of the testimony of witnesses called before the grand jury may be permitted in three instances: (1) when the testimony of a witness at a criminal trial may be inconsistent with his testimony before the grand jury, ORS 132.220(1); (2) when a witness is charged with perjury, ORS 132.220(2); and (3) when permitted by the court in furtherance of justice, *Gowin v. Heider,* 237 Or 266, 286, 386 P2d 1, 391 P2d 630 (1964).[4] *See also State v.*

---

has been under investigation, and from the expense of standing trial where there was no probability of guilt." United States v. Procter & Gamble, 356 US 677, 681-82 n. 6, 78 S Ct 983, 2 LEd 2d 1077 (1958), *quoting* United States v. Rose, 215 F2d 617, 628, 629 (3d Cir 1954).

[3] In United States v. Procter & Gamble, supra n. 2, Justice Douglas also stated:

"* * * We do not reach in this case problems concerning the use of the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like. Those are cases of particularized need where the secrecy of the proceedings is lifted discretely and limitedly. We only hold that no compelling necessity has been shown for the *wholesale* discovery and production of a grand jury transcript under Rule 34. We hold that a much more particularized, more discrete showing of need is necessary to establish 'good cause.' The court made no such particularized finding of need in case of any one witness. It ordered that the entire transcript be delivered over to the appellees. * * *" 356 US at 683. (Footnote omitted.) *See also* United States v. Socony-Vacuum Oil Co., 310 US 150, 60 S Ct 811, 84 LEd 1129 (1940).

[4] Gowin v. Heider, 237 Or 266, 286, 386 P2d 1, 391 P2d 630 (1964), involved a charge of malicious prosecution. An indictment had been returned against the defendant in the criminal charge and it was contended in the malicious prosecution action that the indictment had been procured by false or incomplete testimony given by a witness before the grand jury. A member of the grand jury testified regarding the evidence given to the grand jury. This court held that it was discretionary with the trial court to allow such testimony when it finds that society's interest in promoting justice outweighs the secrecy interests.

*Superior Court of Maricopa Co.,* 95 Ariz 319, 390 P2d 109 (1964); *State v. Tacket,* 78 NM 450, 432 P2d 415 (1967). Except for the situations outlined above, this court has stated that "the state is not * * * required to disclose what the witnesses said before the grand jury." *State v. Guse,* 237 Or 479, 481, 392 P2d 257 (1964).

In our view, it is significant that ORS 132.220(1) and (2) provides for disclosure only by calling a member of the grand jury to testify. The situation in *Gowin v. Heider, supra,* also involved the calling of a grand juror. There is no provision in these statutes or in any of our previous decisions for the wholesale recordation of grand jury proceedings.

■ The only statute in this jurisdiction which even discusses the recordation of grand jury testimony is ORS 132.090, which provides that

> "* * * upon a motion filed by the district attorney in the circuit court, the circuit judge may appoint a reporter who shall attend the sittings of such grand jury and take and report the testimony in any matters pending before the grand jury * * *."

This statute does not authorize the circuit court to order recordation on its own motion or on the motion of the defendant, but only upon a motion filed by the district attorney.

■■ Moreover, our criminal discovery statutes, ORS 135.805 et seq., specifically provide that "transcripts, recordings or memoranda of testimony of witnesses before the grand jury" are not subject to disclosure except "transcripts or recordings of statements made by the defendant." ORS 135.855.[5] When this statute was amended in 1973, the legislature rejected a proposal to broaden the opportunities for the discovery

---

[5] However, in some instances, the disclosure of grand jury testimony in the furtherance of justice may be constitutionally compelled. *See* Brady v. Maryland, 373 US 83, 83 S Ct 1194, 10 LEd 2d 215 (1963); State v. Koennecke, 274 Or 169, 545 P2d 127 (1976); Hanson v. Cupp, 5 Or App 312, 484 P2d 847 (1971).

and disclosure of grand jury testimony and chose to protect "the present secrecy of grand jury proceedings, as prescribed in ORS 132.220." Criminal Law Revision Commission, Proposed Oregon Criminal Procedure Code, Final Draft and Report § 326, Commentary at 190 (Nov. 1972). *See also* Hearings of the Criminal Law Revision Commission, Subcommittee 3, at 25-27 (June 2, 1972).

In summary, we conclude that the circuit court of Multnomah County has no power to order the wholesale recordation of all grand jury testimony, and therefore the demurrer to the writ must be overruled.[6]

---

[6] Contrary to defendant's contention, there is no constitutional requirement that grand jury proceedings be recorded, and the mere failure to record grand jury testimony does not violate a defendant's constitutional rights. *See, e.g.,* United States v. Biondo, 483 F2d 638 (8th Cir 1973), *cert. denied* 415 US 947 (1974); United States v. Ybarra, 430 F2d 1230 (9th Cir 1970, *cert. denied* 400 US 1023 (1971); United States v. Goad, 426 F2d 86 (10th Cir 1970).