Argued March 6, affirmed April 18, 1978

## CARDEN, *Appellant,*
### *v.*
## JOHNSON, *Respondent.*
### (TC A 7604 04800, SC 25326)
577 P2d 513

Nancy M. Helget, Oregon Legal Services Corporation, Albany Regional Office, argued the cause and filed briefs for appellant.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General.

LINDE, J.

## LINDE, J.

Plaintiff brought suit in circuit court for a declaratory judgment to invalidate a prior judgment against plaintiff obtained by Financial Collection Agencies, Inc., in the small claims department of the district court for Multnomah County. Her complaint attacked that judgment on constitutional grounds because the law does not give parties the absolute right to have counsel participate in trials of small claims.[1]

[1] ORS 46.415 provides:

(1) The judges of a district court shall sit as judges of the small claims department and have power to make rules for the administration of the department.

(2) No formal pleadings other than the claim shall be necessary. However, the form of any pleadings used in the court shall comply with the rules adopted under ORS 1.002.

(3) The hearing and disposition of all cases shall be informal, the sole object being to dispense justice promptly and economically between the litigants. The parties shall have the privilege of offering evidence and testimony of witnesses at the hearing. The judge may informally consult witnesses or otherwise investigate the controversy and give judgment or make such orders as he deems to be right, just and equitable for the disposition of the controversy.

(4) No attorney at law or person other than the plaintiff and defendant and their witnesses shall appear on behalf of any party in litigation in the small claims department without consent of the judge of the court.

(5) Notwithstanding the provisions of ORS 9.320, a corporation, the state or any city, county, district or other political subdivision or public corporation in this state may appear as a party to any action in the small claims department without appearance by attorney.

(6) Assigned claims may be prosecuted by an assignee in small claims department to the same extent they may be prosecuted in any other state court.

The small claims departments governed by ORS 46.405-46.560 have jurisdiction over actions for the recovery of money, damages, property, or any penalty or forfeiture, in any amount up to $500, and exclusive jurisdiction if the amount does not exceed $200. Although the proceedings are to be "informal," see ORS 46.415(3), above, the subsection does not suggest that decision of a small claim is not to be according to law. We have not had occasion to decide whether the consent provided in ORS 46.415(4) should be given on request, or whenever a good reason is presented for it, or whenever no objection or no good reason is presented against it, and the point is not briefed in this case.

The complaint also alleged the invalidity of provisions denying appeals or transfer and trial by jury in small claims cases involving less than $200, but apparently only to bolster the claim of a right to counsel in the small claims court when this is the only and final court for such cases.

There are preliminary procedural questions before that issue can be reached. The present suit named as defendants, besides the collection agency, the original creditor, Dance City, Inc., and the then attorney general. The latter was served only to give him the opportunity to be heard as provided by ORS 28.110,[2] and no judgment is sought against him or against the state. The other defendants made no appearance or other response. However, for reasons which do not appear, the circuit court declined to enter a default judgment. Plaintiff's attempted appeal from the order denying her motion for a default judgment was dismissed by this court because the order was not appealable. In search of a way to this court, plaintiff then obtained from the circuit court a judgment dismissing her case with prejudice and now appeals from this judgment.

No respondent appeared, but upon our request the attorney general filed a brief. In the brief and on oral argument counsel expressed uncertainty about the role of the attorney general under ORS 28.110. That section, set forth in note 2 above, provides that the attorney general shall be served and be entitled to be heard in declaratory proceedings attacking a state or local law (or franchise) on constitutional grounds, without, however, making him or the state a party to the case. He appears as a statutory amicus curiae to present the state's view of the law at issue, usually expected but not obliged to defend the law's validity as he construes it, and it is desirable that he does appear.

The attorney general suggests a number of obstacles to plaintiff's appeal. The first is that the appeal is

[2]ORS 28.110 provides:

When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal charter, ordinance or franchise, the municipality affected shall be made a party, and shall be entitled to be heard, and if the constitution, statute, charter, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard.

really from "an action for the recovery of money or damages only" in an amount less than $250 and is therefore foreclosed by ORS 19.010(3).[3] Plaintiff's complaint asked not only for a return of sums collected under the small claims judgment, which appear to be less than $250,[4] but also for a declaration that certain provisions governing small claims courts are unconstitutional. Whether or not plaintiff ultimately has a claim to such a declaration, we think this is not the kind of "action for the recovery of money or damages only" that the legislature excluded from appeal. Second, we conclude that plaintiff is not precluded from this appeal because she asked for the entry of the adverse judgment from which she appeals. While this solution to plaintiff's problem appears unorthodox and somewhat illogical, it was a more efficient way to secure an order appealable under ORS 19.010,[5] once the trial court refused to enter a default judgment in her favor, than the slower and more problematic pursuit of a writ of mandamus.

Third, the attorney general contends that under ORS 28.110 the state must be made a party to any suit for declaratory relief challenging the validity of one of its statutes. However, ORS 28.110, *supra* note 2, expressly imposes that requirement with respect only to municipalities, and we do not agree that the state is necessarily a proper party to every private litigation in which the constitutionality of a law is challenged, though it should properly be admitted as amicus

---

[3] ORS 19.010(3) provides:

No appeal to the Supreme Court shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings that the amount in controversy exceeds $250.

[4] The complaint alleged that this judgment was for $187.24 plus $16.80 costs and six percent interest from July 30, 1974.

[5] ORS 19.020 permits a plaintiff to appeal from a judgment or decree given for want of an answer, "where such judgment or decree is not in accordance with the relief demanded in the complaint." The judgment entered in this case is analogous to such a judgment.

curiae.[6] Moreover, the attorney general reminds us that the state could not be made a party without its consent to be sued, but that reduces his reading of ORS 28.110 to an absurdity. He cannot reasonably ascribe to the legislative assembly the intent to enact a statute that (1) expressly permits suits for a declaration concerning the validity of a state law, (2) requires the state to be made a party to such suits, and (3) does not consent to the state's being made such a party. Also, the use of declaratory judgment for this collateral attack on the small claims judgment is questioned because plaintiff might have tried to take her constitutional claim from the small claims court directly to the Supreme Court of the United States. But it seems an incongruous contention that a litigant should exhaust possible resort to the external constraints of a federal forum before turning to Oregon's own procedures to assert a constitutional claim, especially since this short-circuits the state's own consideration of the claim under its statutes and constitution.

A more serious obstacle to plaintiff's case is posed by the attorney general's contention that plaintiff failed to preserve, or waived, her constitutional claim to a right to counsel by not making that claim in the small claims court. Plaintiff responds that precisely an uncounseled small claim litigant should not be expected to have the knowledge of such a right needed to waive it.[7] It is apparent that this response, though plausible if plaintiff is right in her constitutional claim, is entangled with the merits of that claim.

On the merits, plaintiff basically relies on the doctrine of one decision, *Prudential Ins. Co. v. Small*

---

[6] For criteria of the interest that can make the state or one of its agencies a party to a case involving the validity of a law, see *State ex rel Haley v. City of Troutdale,* 281 Or 203, 576 P2d 1238 (1978); *Oregon Medical Association v. Rawls,* 281 Or 293, 574 P2d 1103 (1978); *State ex rel State Pub. Welfare Comm'n v. Malheur County Court,* 185 Or 392, 203 P2d 305 (1949).

[7] *See, e.g., State v. Atherton,* 242 Or 621, 626, 410 P2d 208 (1966); *State v. Neely,* 239 Or 487, 503-504, 395 P2d 557 (1964), *modified on rehearing,* 398 P2d 482 (1965).

*Claims Court,* 76 Cal App 2d 379, 173 P2d 38 (1946), which has been cited and followed in California, Idaho, and Nebraska for the proposition that small claims procedures must either allow appearance by counsel or provide a trial de novo in a court that does allow it, because the right to have counsel appear is necessary for a "due process hearing."[8] The only direct linkage of these cases to the fourteenth amendment is a passage in *Powell v. Alabama,* 287 US 45 (1932), dictum as regards civil cases, that it would be a denial of such a hearing "arbitrarily to refuse to hear a party by counsel."[9] Perhaps the California and Nebraska courts drew the right conclusions with respect to the fourteenth amendment. We do not say that we would necessarily disagree if we had to reach the issue, but we do not. Our first obligation is to assume that the

[8] In *Mendoza v. Small Claims Court,* 49 Cal 2d 668, 321 P2d 9 (1958), the California Supreme Court held that a statute which gave small claims courts jurisdiction over unlawful detainer actions denied defendants due process because litigants could not appear with counsel in small claims courts and the courts had discretion whether to grant a stay of judgment pending de novo appeal with counsel. In *Brooks v. Small Claims Court,* 8 Cal 3d 661, 504 P2d 1249, 105 Cal Rptr 785 (1973), the same court held that requiring a small claims defendant to post an undertaking equal to the small claims judgment in order to obtain a de novo appeal with counsel constituted a taking without due process.

The Idaho and Nebraska Supreme Courts have upheld laws which excluded counsel from small claims courts because the laws provided for de novo appeal with counsel. *Foster v. Walus,* 81 Idaho 452, 347 P2d 120 (1959); *Simon v. Lieberman,* 193 Neb 321, 226 NW2d 781 (1975). *See also Carr v. Pena,* 432 F Supp 828 (D VI 1977).

[9] What, then, does a hearing include? Historically and in practice, in our country at least, it has always included the right to the aid of counsel when desired and provided by the party asserting the right. . . . If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense.

*Powell v. Alabama,* 287 US at 68-69. *Powell,* a criminal case, was applied in *Chandler v. Fretag,* 348 US 3 (1954), to a habitual criminal proceeding which, though not itself a criminal prosecution, arose in the confrontation between the state and an accused. These decisions predated *Gideon v. Wainwright,* 372 US 335 (1963), which first brought the criminal defendant's express sixth amendment right to counsel into fourteenth amendment due process, and they therefore relied on the latter unaided. There is,

legislature did not mean to authorize actions that would violate the constitution, state or federal, so we would not be inclined to assume that in ORS 46.415(4) it had authorized small claims courts "arbitrarily to refuse to hear a party by counsel" if a party made a reasoned request to be so heard. The small claims court did not deny such a request in plaintiff's case, since she made none.

Plaintiff asserts that the discretionary allowance of appearance by counsel is insufficient because "[a]n expression of the need for legal representation may, itself, require the assistance of counsel." Of course, nothing prevents a litigant from consulting counsel in advance of a hearing in small claims court and, if so advised, to submit to the court a request prepared by counsel that counsel be permitted to appear. The present plaintiff in fact did consult counsel but did not submit such a request. True, it is possible that the need for the assistance of legal counsel may first arise from unanticipated developments at the trial, that the uncounseled litigant may not recognize the need to ask permission to consult counsel at that point, and that this prejudices the litigant's position in some concrete way. Possibly also the statutory exclusion of counsel unless allowed by the court does not serve its supposed purpose, or possibly that purpose could be served as well by denying only the recovery of attorney fees in small claims cases.[10] But the latter questions are for

however, no express guarantee of a right to counsel in civil proceedings in the Oregon or the Federal Constitution, although six state constitutions contain such a provision, Ala Const art I, § 10; Ga Const art I, § 1, ¶ IX; Me Const art I, § 20; Mich Const art I, § 13; Miss Const art III, § 25; Utah Const art I, § 11. We do not examine whether a plaintiff is entitled to appear by counsel to pursue a remedy "by due course of law," Or Const art I, § 10, since appellant was not the plaintiff in the small claims court. But we have been cited to no decision of the Supreme Court that establishes such a fourteenth amendment right in a state-provided forum for proceedings between private litigants.

[10] Studies of the actual operation of small claims courts are critical of the exclusion of counsel on the ground that the largest proportion of small

the legislature, or perhaps for the Council on Court Procedures. *See* ORS 1.735, 1.745. For the present, the law is otherwise, and we are not prepared to hold that the possible misapplication of the provision in individual cases suffices to sustain the present plaintiff's effort to have the statute declared invalid on its face under a federal standard that has not yet been laid down by the federal Court. Since it is reasonable to assume that the legislature does not intend its laws to be interpreted or applied in a manner that would be unconstitutional, *see Oregon Medical Association v. Rawls,* 281 Or 293, 300, 574 P2d 1103 (1978); *Tharalson v. State Dept. of Revenue,* 281 Or 9, 13, 573 P2d 298 (1978), and cases cited therein, we expect that the courts, when requested, will give the consent contemplated by ORS 46.415(4) when this is needed to give full protection to the rights of litigants to a due process hearing.

Since plaintiff in this case made no such request, the trial court did not err in dismissing her suit. The judgment is affirmed.

---

claims cases are brought by knowledgeable creditors or assignees against poor defendants who are either ignorant of possible defenses or inhibited by the court setting and unable to articulate them. *See, e.g.,* Note, *The Persecution and Intimidation of the Low-Income Litigant as Performed by the Small Claims Court in California,* 21 Stan L Rev 1657, 1662 (1969); Note, *The Ohio Small Claims Court: An Empirical Study,* 42 U Cin L Rev 469, 498-501 (1973). *See generally* Yngvesson & Hennessey, *Small Claims, Complex Disputes: A Review of the Small Claims Literature,* 9 Law & Soc Rev 219, 243-256 (1975).