Argued and submitted on respondent's demurrer to alternative writ
May 10, peremptory writ to issue May 30, 1979

## STATE ex rel DREW, *Relator,*
### *v.*
## STEINBOCK, *Respondent.*
### (SC 26172)

595 P2d 1234

Jeffrey L. Rogers of Ransom, Rogers & Blackman, Portland, argued the cause and filed the brief for petitioner-relator.

Catherine Allen, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Denecke, Chief Justice, and Tongue, Howell, Lent and Linde, Justices.

TONGUE, J.

Howell, J., Dissenting.

## TONGUE, J.

This is a mandamus proceeding against a circuit judge in Multnomah County. It arises from the denial by that judge of a motion by a person charged with murder for an order requiring the recordation of the testimony of all witnesses appearing before the grand jury and the denial by the trial judge of a further motion to allow that person to testify before the grand jury without his testimony being recorded, holding that if he testified before the grand jury "his testimony will be recorded as the state desires."

To the extent that this case involves the denial of the motion by the relator in this proceeding for an order requiring the recording of all witnesses before the grand jury, regardless of whether or not he appears before the grand jury, this case presents the same question as presented in *State ex rel Smith v. Murchison,* 286 Or 469, 595 P2d 1237, decided today, in which we held that the denial of such a motion is proper.

This case, however, presents the additional question whether, in the event that a person charged with a felony appears to give testimony before a grand jury in the hope that it may not indict him, or indict him for a crime of a lesser degree, the district attorney may seek an order for the recording of his testimony but, at the same time, refuse to record the testimony of other witnesses appearing before the grand jury.[1]

The relator in this case contends that: (1) the "mere recording" of grand jury testimony will in no way

---

[1] In this case it appears that at the hearing on relator's original motion for an order to record the testimony of all witnesses who appeared before the grand jury the prosecuting attorney stated that he intended to call both civilian and police witnesses and did not intend to record their testimony, but that if relator asked to appear before the grand jury he would allow relator to do so only on condition that relator's testimony be recorded for possible impeachment purposes on trial, but that in such an event he would not record the testimony of other witnesses before the grand jury. Relator then moved for an order to allow him to testify before the grand jury without his testimony being recorded. That motion was denied.

compromise the "secrecy" of the grand jury proceedings because relator does not at this time seek disclosure of any testimony, but only its preservation by a verbatim tape recording, and the issue of secrecy will not arise unless and until relator or the state later seeks disclosure of such testimony, which may never occur; (2) to record relator's testimony before the grand jury for use by the state for impeachment purposes, while refusing to record the testimony of other witnesses before the grand jury for possible use for impeachment purposes by the relator, would deny him equal protection of the law and due process, and would be "fundamentally unfair"; (3) recordation is required to ensure protection of relator's rights to confrontation of witnesses and assistance of counsel and to effectuate statutory purposes, and (4) defendant Steinbock's denial of relator's motion to record grand jury testimony was an abuse of discretion.

Because, as in *State ex rel Smith v. Murchison, supra,* also decided today, these questions are presented in a mandamus proceeding which has caused this court to issue an order staying grand jury proceedings, thus also delaying any resulting trial, and because of the resulting need to expedite a decision of this case, we shall not discuss these contentions in as much detail as might be desirable in an appeal following completion of a trial in such a case.

We believe that the relator's third and fourth contentions are answered by our decision today in *State ex rel Smith v. Murchison, supra,* and are not well taken for the reasons stated in that decision. We agree with the contention that the recording of all grand jury testimony by the district attorney on a cassette tape to be held by him (as proposed in this case) does not compromise the "secrecy" of grand jury proceedings any more than the recording by him of testimony by a defendant before the grand jury. It does not follow that relator is entitled to have all grand jury testimony recorded.

[464]

We are concerned, however, with relator's second contention—not insofar as it presents an "equal protection" argument, but insofar as it presents a "due process" argument.

In *Wardius v. Oregon,* 412 US 470, 93 S Ct 2208, 37 L Ed 2d 82 (1973), the Supreme Court of the United States held unconstitutional an Oregon statute which provided that a defendant in a criminal case could not rely at trial upon the defense of alibi unless he gave pretrial notice to the prosecution of his intention to do so, including the identity of his alibi witnesses. The court held (412 US at 472) that in the absence of reciprocal discovery rights for the criminal defendant the enforcement of such a statute was forbidden by the Due Process Clause of the Fourteenth Amendment. In so holding, the court stated (412 US at 475-76) that:

"* * * The State may not insist that trials be run as a 'search for truth' so far as defense witnesses are concerned, while maintaining 'poker game' secrecy for its own witnesses. It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State."

The court also noted (412 US at 477-78) that the Oregon court "might have construed the Oregon statute so as to save the constitutionality of the notice requirement and granted reciprocal discovery rights."

We have previously held that because it is reasonable to assume that the legislature does not intend its laws to be interpreted and applied in a manner that would be unconstitutional this court will choose, as between alternative constructions of an uncertain statutory provision, the one that avoids serious constitutional difficulty. *See Carden v. Johnson,* 282 Or 169, 177, 577 P2d 513 (1978), and *Tharalson v. State ex rel Dept. of Rev.,* 281 Or 9, 13, 573 P2d 298 (1978) and cases cited therein.

We do not undertake to decide in this case whether or not the rule as stated in *Wardius* would require a holding that ORS 132.090 is invalid or whether ORS 132.090 must be construed so as to accommodate that rule in order to avoid "serious constitutional difficulty."

We note, however, that ORS 132.090 provides, in part, that:

> "* * * upon a motion filed by the district attorney in the circuit court, *the circuit judge may appoint a reporter who shall* attend the sittings of such grand jury and *take and report THE testimony in any matters pending before the grand jury* * * *." (Emphasis and caps added)

In the light of the problems presented in this case, we believe that it is reasonable to give a literal construction to the provisions of ORS 132.090 to the effect that when, as in this case, a defendant seeks to appear before a grand jury and asks that if his testimony is to be recorded or reported, all testimony before the grand jury in that case be recorded or reported, and when in such a case a district attorney seeks an order under ORS 132.090 to record or to appoint a reporter for grand jury testimony, any order by the trial court to report or record testimony in such a case must be an order to record or report *"the testimony"* in that *"matter"* and this means *all* of the testimony before the grand jury in that case.[2]

We recognize that ORS 135.855, by its terms, provides that "[t]ranscripts, recordings or memoranda of witnesses before the grand jury are not subject to discovery" except "transcripts or recordings of statements made by the defendant." As also recognized, however, in *State ex rel Johnson v. Roth,* 276 Or 883, 557 P2d 230 (1977), and again in *State ex rel Smith v. Murchison, supra,* decided today, "in some instances,

---

[2] Obviously, such a rule can have no application to secret indictments obtained prior to the arrest of a defendant.

the disclosure of grand jury testimony may * * * be constitutionally compelled."

■ We do not undertake to decide whether, in this case, defendant would be entitled to require production of recordings of the testimony of other witnesses before the grand jury in the event that he should testify before it and in the event that the prosecuting attorney should seek an order for the recording of grand jury testimony. Indeed, defendant recognizes that, in such an event, he will be required to make a showing of "particularized need" for the production of such recordings.[3]

■ For these reasons, we hold, as in *State ex rel Smith v. Murchison, supra,* decided today, that the trial court properly denied the motion of relator to record all grand jury testimony in this case. In the event, however, that defendant should testify before the grand jury and asks that if his testimony be recorded or reported all testimony before the grand jury in this case be recorded or reported, and in the event that the district attorney then seeks an order under ORS 132.090 for the recording or reporting of grand jury testimony in this case, the trial court must either order the recording or reporting of the testimony of *all* witnesses appearing before the grand jury in this case or that none of such testimony be recorded or reported.[4]

---

[3] *See Dennis v. United States,* 384 US 855, 870, 86 S Ct 1840, 16 L Ed 2d 973 (1966).

[4] It is contended by the trial judge, as the defendant in this proceeding, that the relator waived any right that he may have had to demand that testimony by witnesses before the grand jury be recorded when the state agreed to go forward with a preliminary hearing under ORS 135.070 et seq (at which the testimony of all witnesses could be recorded) and when the relator requested and obtained a postponement of that hearing. This may have constituted a waiver of relator's original motion for an order requiring that all grand jury testimony be recorded. As previously held, that motion was properly denied for other reasons. We do not believe, however, that such conduct constituted a waiver of relator's subsequent motion for an order to allow him to testify before the grand jury without his testimony being recorded.

**HOWELL, J.,** dissenting.

I do not agree with the majority opinion for two reasons: (1) I do not believe that *Wardius v. Oregon,* 412 US 470, 93 S Ct 2208, 37 L Ed 2d 82 (1973), has any application, actual or potential, to our statutory scheme regarding recording or disclosure of grand jury proceedings, and (2) I do not believe that ORS 132.090, allowing the reporting of testimony, mandates that *all* testimony must be reported.