Argued and submitted on respondent's demurrer to
alternative writ May 10, alternative writ dismissed May 30, 1979

STATE ex rel SMITH, *Relators,*

*v.*

MURCHISON, *Respondent.*

(SC 26173, SC 26167)

(Consolidated)

595 P2d 1237

Richard M. Rogers, Portland, argued the cause and
filed the brief for petitioner-relators.

Catherine Allan, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent. With her on the brief were James Redden, Attorney General, and Walter Barrie, Solicitor General, Salem.

Before Denecke, Chief Justice, and Tongue, Howell, Lent and Linde, Justices.

TONGUE, J.

## TONGUE, J.

This is a mandamus proceeding against a circuit judge in Multnomah County. It arises from the denial by that judge of motions by two persons charged with murder for an order requiring the recordation of the testimony of "all * * * witnesses who may testify regarding defendant(s)" before a grand jury in its consideration of a possible indictment against them, including all witnesses named in a previous indictment for attempted murder of a victim who had subsequently died.[1]

Defendants, the relators in this proceeding, contend that (1) "fundamental fairness" requires that recordation be allowed because it is the only reliable means of preserving the grand jury testimony and because, in order to exercise their constitutional rights to effective assistance of counsel, confrontation of witnesses and due process of law, such testimony must be preserved to the extent that it may be a basis for impeachment of the testimony of witnesses against defendants at the trial; (2) recordation will not "invade or detract from the secrecy of the grand jury" or hamper the prosecution in presenting evidence to the grand jury, and (3) because the prosecutor already enjoys the right to record grand jury testimony, to deny the same privilege to defendants violates fundamental fairness and equal protection of law.

Because these questions are presented in a mandamus proceeding which has caused this court to issue an order staying grand jury proceedings, thus also delaying any resulting trial, and because of the resulting need to expedite a decision in this case, we shall not discuss these contentions in as much detail as might be desirable in an appeal following the completion of a trial in such a case.

---

[1] After the death of the victim defendants expected that the district attorney would then seek an indictment for murder. One of the defendants had made a previous motion for recordation of the testimony of witnesses who appeared before the grand jury which indicted him for attempted murder. That motion was also denied.

In *State ex rel Johnson v. Roth,* 276 Or 883, 557 P2d 230 (1976), another circuit judge in Multnomah County, in response to a similar motion by a criminal defendant for the recording of all testimony before a grand jury in that case, issued an order which not only allowed that relator's motion for the recordation of grand jury testimony in that case, but ordered that "all testimony before the Grand Jury in all cases shall henceforth be recorded * * *." The Attorney General then brought an original proceeding in mandamus to vacate that order. The defendant judge filed a demurrer, contending that his order was a discretionary matter and within the inherent power of the court. We overruled that demurrer. In doing so, we held, among other things, that the circuit court had no power to order the "wholesale recordation" of all grand jury testimony. (276 Or at 888) By overruling the demurrer in that case, however, we also held, in effect, that the entire order by the circuit court in that case was invalid, including that paragraph of the order which allowed the motion of the relator in that case for recordation of all testimony before the grand jury in that case.

It is contended by the relators in this case that our decision in *Roth* is not controlling in this case because,

"* * * that case dealt only with the statutory power of the Circuit Court and with the absolute—as opposed to relative—constitutional right of the accused to compel recordation. The due process and equal protection ramifications of denying recordation at the accused's request while, at the same time, allowing that privilege to the State, were not raised or discussed."

Upon examination of the record in *Roth,* however, including the briefs filed in that case, it appears that similar constitutional contentions were made in that case, although not in the same detail.

In *Roth* we pointed out (276 Or at 887-88) that:

"* * * our criminal discovery statutes, ORS 135.805 et seq., specifically provide that 'transcripts,

recordings or memoranda of testimony of witnesses before the grand jury are not subject to disclosure except transcripts or recordings of statements made by the defendant.' ORS 135.855. When this statute was amended in 1973, the legislature rejected a proposal to broaden the opportunities for the discovery and disclosure of grand jury testimony and chose to protect 'the present secrecy of grand jury proceedings, as prescribed in ORS 132.220.' Criminal Law Revision Commission, Proposed Oregon Criminal Procedure Code, Final Draft and Report § 326, Commentary at 190 (Nov. 1972). *See also* Hearings of the Criminal Law Revision Commission, Subcommittee 3, at 25-27 (June 2, 1972)."

We noted in *Roth* (276 Or at 887, n. 5) that:

"* * * in some instances, the disclosure of grand jury testimony in the furtherance of justice may be constitutionally compelled. *See* Brady v. Maryland, 373 US 83, 83 S Ct 1194, 10 LEd 2d 215 (1963); State v. Koennecke, 274 Or 169, 545 P2d 127 (1976); Hanson v. Cupp, 5 Or App 312, 484 P2d 847 (1971)."

In *Roth* we also called attention (276 Or at 887) to the fact that it is provided by ORS 132.220 that:

"A member of the grand jury may be required by any court to disclose:

"(1) The testimony of a witness examined before the grand jury, for the purpose of ascertaining whether it is consistent with that given by the witness before the court."

"* * * * *"

We then concluded in *Roth,* (276 Or at 888, n. 6) that:

"Contrary to defendant's contention, there is no constitutional requirement that grand jury proceedings be recorded, and the mere failure to record grand jury testimony does not violate a defendant's constitutional rights. *See, e.g.,* United States v. Biondo, 483 F2d 638 (8th Cir 1973), *cert. denied* 415 US 947 (1974); United States v. Ybarra, 430 F2d 1230 (9th Cir 1970), *cert. denied* 400 US 1023 (1971); United States v. Goad, 426 F2d 86 (10th Cir 1970)."

We now reaffirm that conclusion. We also believe the reasoning of the court, as stated in *Roth,* is controlling in this case. Even assuming the contention to be correct that recording of grand jury testimony would not impair the secrecy of the grand jury, such recordings would be a useless act because it is expressly provided by ORS 135.855 that such recordings "shall not be subject to discovery" except for recordings of statements made by defendants.

As in *Roth,* we recognize that there may be cases in which, for constitutional reasons, a defendant may be entitled to disclosure of existing recordings of the testimony of grand jury witnesses, as under the rule of *Brady* or *Koennecke, supra,* and that, as a result, ORS 135.855 may be unconstitutional as applied to such cases. We do not believe, however, that the "possibility" that a witness before the grand jury may then testify on trial differently than before the grand jury, with the result that there is a possibility of impeachment of the witness, provides a sufficient basis so as to require an order that the testimony of all witnesses who may testify before the grand jury must be recorded, as demanded by defendants, or a holding that ORS 135.855 is unconstitutional as applied in this case, at least upon the basis of the showing made by these defendants.

In *State ex rel Drew v. Steinbock,* 286 Or 461, 595 P2d 1234, also decided today, an additional question was presented because of the fact that in that case the prosecuting attorney had stated that if the criminal defendant in that case testified before the grand jury he would record the testimony of the defendant, but would not record the testimony of other witnesses before the grand jury. That question is not presented in this case other than by the contention that "the presecutor already enjoys the *right* to record grand jury testimony." In this case it does not appear that these relators have any desire to testify before the grand jury, as in *Drew.* The fact that the prosecuting attorney may claim such a right in other cases does

[474]

not, in our opinion, require the same result in this case as in *Drew.*

For these reasons the alternative writ of mandamus in this case is vacated and the order of the circuit court denying defendants' motion is affirmed.