Argued May 31, reversed and remanded for resentencing July 30, reconsideration denied September 13, 1979

In the Matter of the Grand Jury
Proceedings of October 19, 1978,
STATE OF OREGON,
*Respondent,*
*v.*
PETER APPLEGATE,
*Appellant.*

(No. MISC 4053, CA 12708)

597 P2d 1290

James Christian Sims, Ashland, argued the cause and filed the briefs for appellant.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges, and Peterson, Judge Pro Tempore.

BUTTLER, J.

**BUTTLER, J.**

Defendant appeals from an order finding him in contempt for failure to comply with a grand jury subpoena, and sentencing him to serve 30 days in the county jail, contending *inter alia* that the court erred in reviewing his grand jury testimony prior to imposing sentence. We agree and reverse.

On October 10, 1978, defendant, then a candidate for elective office, sent a letter to the grand jury requesting that it investigate drug and prostitution problems in the county, and report directly to the attorney general,[1] bypassing the district attorney. The letter was read to the grand jury by a deputy district attorney, who was directed by it to prepare a subpoena requiring defendant's appearance before it on October 19, 1978. The subpoena was served on the defendant on October 16, 1978.

Defendant, believing that the grand jury had not directed the issuance of the subpoena and that it was merely a political reaction, did not appear before the grand jury. Thereafter, upon motion of the district attorney, the circuit court issued an order directing defendant to appear and show cause why he should not be held in contempt for failure to appear. The hearing was set for November 15, 1978, which was after the election. On October 24, 1978, the defendant *pro se* filed a motion to vacate the order to show cause on the

---

[1] The letter stated in pertinent part:

"\* \* \* \* \*

"You are hereby requested to conduct a probe of the hard drug problem now existing in this county with adequate care given to the prostitution side effect of same;

"You are also requested to act seperate [*sic*] and apart from the district attorney of this county so that your 'Findings of Fact' might be given to the state attorney general for possible action without local influence;

"You are also requested to offer each and every citizen the protection of secret testimony with full judicial right extended to all who appear.

"\* \* \* \* \*."

ground of an alleged irregularity in the subpoena. The court denied the motion.

Defendant appeared on November 15, at which time his request for appointed counsel was granted; the matter was continued to November 20. At that time defendant could give no reason for his failure to appear, and the court found him in contempt of the grand jury and ordered him to testify. The judge further ordered that defendant's testimony before the grand jury be recorded and stated that defendant's cooperation would have some bearing on the sentence he would receive. Sentencing was continued until after defendant testified.

On November 21, defendant testified before the grand jury. Thereafter, when he appeared in the circuit court for sentencing on the contempt the judge acknowledged having read the transcript of defendant's testimony and commented on its content. The district attorney, in his argument to the court, also disclosed portions of defendant's testimony. Defendant was sentenced to 30 days in the county jail. Bail for defendant was set at $30,000, which was later reduced to $15,005 upon motion by defendant. The defendant was subsequently released under a writ of habeas corpus issued by the Supreme Court, after serving 15 days in jail.

Defendant contends that the circuit court had no authority to order defendant's grand jury testimony to be recorded (*see* ORS 132.090),[2] but we need not decide

---

[2] ORS 132.090(1) states:

"No person other than the district attorney or a witness actually under examination shall be present during the sittings of the grand jury; provided, however, that upon a motion filed by the district attorney in the circuit court, the circuit judge may appoint a reporter who shall attend the sittings of such grand jury and take and report the testimony in any matters pending before the grand jury; and provided further, that the circuit judge, upon the district attorney's showing to the court that it is necessary for the proper examination of a witness appearing before the grand jury, may appoint an interpreter, guard, a medical or other special attendant or a nurse, who shall be present in the grand jury room and shall attend such sittings."

that question. Even if we assume, *arguendo,* the court had authority to order the testimony recorded, it did not have authority to examine that testimony or to discuss its content for the sole purpose of determining the sentence to impose. Disclosure of grand jury testimony is allowed only in limited cases, and this case is not one of them. The Supreme Court pointed out in *State ex rel Johnson v. Roth,* 276 Or 883, 557 P2d 230 (1977):

"[O]ur statutes also seek to preserve the secrecy of grand jury proceedings and allow disclosure only in limited cases. Under ORS 132.060 grand jurors are required to 'keep secret the proceedings before you.' A grand juror cannot be questioned about his vote or anything he says during the proceedings. ORS 132.210. However, disclosure of the testimony of witnesses called before the grand jury may be permitted in three instances: (1) when the testimony of a witness at a criminal trial may be inconsistent with his testimony before the grand jury, ORS 132.220(1); (2) when a witness is charged with perjury, ORS 132.220(2); and (3) when permitted by the court in furtherance of justice * * *." (Citations omitted.) 276 Or at 886.

None of those exceptions applies here. The purpose of a sentence was to punish defendant for his contempt, not his testimony, and to deter others from failing to respond to a subpoena. The dangers inherent in permitting a court to determine the length of a contemnor's sentence by the content of his subsequent testimony given in final obedience to the subpoena require that we reverse and remand for resentencing.

Reversed and remanded for resentencing.