Submitted on petition for rehearing* June 23, former opinion filed June 3 (289 Or 265, 611 P2d 1169), rehearing denied September 23, 1980

STATE ex rel AUTOMOBILE EMPORIUM, INC.,
*Plaintiff-Relator,*

*v.*

MURCHISON, et al,
*Defendants.*

(SC 26477)

STATE ex rel TROW,
*Plaintiff-Relator,*

*v.*

MURCHISON, et al,
*Defendants.*

(SC 26478)

616 P2d 496

Charles J. Merten, Portland, for the petition. With him on the brief was Merten & Salveit, Portland.

James M. Brown, Assistant Attorney General, Salem, contra. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

TANZER, J.

---

* Original proceeding in mandamus. 289 Or 265, 611 P2d 1169 (1980).

**TANZER, J.**

Plaintiff has petitioned for rehearing, asserting that our holding that "Direct appeal is an adequate remedy unless the relator would suffer a special loss beyond the burden of litigation by being forced to trial" is inconsistent with prior cases. We did not attempt an exhaustive review of all mandamus caselaw, but this supplemental opinion reviewing some of the cases upon which it relies may be helpful in alleviating any confusion such as that embodied by the plaintiff's contention.

First, plaintiff cites *State ex rel Ricco v. Biggs,* 198 Or 413, 255 P2d 1055 (1953), for its implication that if constitutional rights are involved, waiting for an appeal is not an adequate remedy. The comment was correct in the context of the *Ricco* case, but any expansive implication was superseded by our more recent opinion in *State ex rel Maizels v. Juba,* 254 Or 323, 460 P2d 850 (1969), upon which our opinion in this case relied. *Maizels* involved constitutional rights and it was held that a direct appeal was an adequate remedy. We cited *Ricco* in footnote 5, where we observed that an exception to the rule exists in cases involving wrongful assertion of jurisdiction or venue.

Petitioner also points to *Kirschbaum v. Abraham,* 267 Or 354, 517 P2d 272 (1973), and *Henderson v. Smith,* 282 Or 109, 577 P2d 504 (1978). They are not mentioned in our opinion, but they are not inconsistent with it. In those cases, mandamus was used to require a municipal court judge to advise defendants of their rights to remove the cases to district court. The cases are therefore consistent with the statement of exceptions to the rule in footnote 5. Indeed, they represent a third category within the class of exceptions in the footnote regarding submission to trial in the wrong court.

Plaintiff also cites *State ex rel Drew v. Steinbock,* 286 Or 461, 595 P2d 1234 (1979), and *State ex rel Smith v. Murchison,* 286 Or 469, 595 P2d 1237 (1979), both of which dealt with the duty of a circuit judge to

order a recording of grand jury testimony. In neither case did we discuss the issue of the propriety of mandamus as a remedy. Those cases are authoritative on the substantive law issues which they address, but not as to the issue not reached, the propriety of mandamus.

Accordingly, we conclude that our opinion was not a departure from preexisting caselaw.

Rehearing denied.

LENT and LINDE, JJ., would allow rehearing.