Argued and submitted June 17, 1981, affirmed January 25, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# DWAIN LEE LITTLE,
*Appellant.*

(No. 20-114 (80-3962), CA 19588)

639 P2d 666

Des Connall, Portland, argued the cause and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge,* and Warden, Judge.

BUTTLER, P. J.

* Joseph, C. J., *vice* Warren, J.

## BUTTLER, P. J.

Defendant appeals his convictions for the kidnapping, rape and attempted murder of a young woman. He assigns error to the trial court's denial of his motions: (1) to merge the kidnapping conviction with the rape conviction; (2) to merge the rape conviction with the attempted murder conviction; (3) to dismiss the kidnapping charge for insufficient evidence; (4) to suppress all evidence seized from his automobile on the ground that there were insufficient exigent circumstances to impound the vehicle; (5) to limit eyewitness identification because a photographic throwdown was unduly suggestive; (6) to hold a post-indictment preliminary hearing; (7) to dismiss for the state's failure to record the grand jury testimony leading to the indictment, and (8) to compel discovery of the grand jury testimony. None of the assignments requires extended discussion. We affirm.

On a rainy day in June, 1980, defendant, a former co-worker of the victim, spotted her walking along the road after her car had broken down; he picked her and a hitchhiker up in his automobile, dropped the victim off at a phone booth and drove the hitchhiker on into King City. About 20 minutes later, defendant again saw the victim walking along the road, and he picked her up again and offered to drive her home. Defendant drove past her home, but did not stop; he continued to drive, pulled out a knife and forced her to engage in oral sodomy while he was driving. Then, driving to an area near a freeway interchange, defendant took the victim to a secluded spot on a hill and raped her. Afterward, he choked her from behind until she lost consciousness, stabbed and slashed her with his knife and left her lying part-way down the hill. When the victim regained consciousness, she crawled down to the freeway and managed to attract the attention of a passing driver, who took her to a hospital.

Defendant was apprehended and indicted the next day for attempted murder, rape in the first degree, sodomy in the first degree and kidnapping in the first degree. Defendant agreed to a trial on stipulated facts. The trial court dismissed the sodomy charge and found defendant guilty of attempted murder, first degree rape and first

degree kidnapping; defendant was sentenced to 20 years on each count consecutively, with a 10-year minimum sentence on each.

■ ■ Under the foregoing facts, the kidnapping was not merely incidental to the rape, and there was sufficient evidence for the trier of fact to find that defendant intended to interfere substantially with the victim's liberty apart from the eventual rape. *State v. Garcia,* 288 Or 413, 423, 605 P2d 671 (1980); *State v. Cazares,* 44 Or App 621, 624, 606 P2d 688, *rev den* 289 Or 275 (1980). We also conclude that the kidnapping, rape and attempted murder were separately intended injuries and did not merge in a "single criminal episode." *See State v. Cloutier,* 286 Or 579, 597, 596 P2d 1278 (1979).

■ With regard to the motion to suppress, defendant was in his car when arrested. The victim had identified him and the car. The police had probable cause to seize the car, and there were sufficient exigent circumstances for the police to impound the vehicle before they obtained a search warrant. One window of the car was open, and the police wanted to preserve all evidence, including fingerprints inside and out. *State v. Greene,* 285 Or 337, 342, 591 P2d 1362 (1979). A search warrant was obtained before the vehicle was searched. There was no error.

■ As to the fifth claimed error, defendant cites no authority for the proposition that showing photographs seriatim rather than simultaneously is inherently suggestive. Without more, we find no suggestiveness. *See generally, State v. Classen,* 285 Or 221, 232, 590 P2d 1198 (1979).

■ Defendant's sixth assignment, that he has a constitutional right to a post-indictment preliminary hearing, has been resolved against him by the Supreme Court in *State v. Clark,* 291 Or 231, 243, 630 P2d 810 (1981).

■ Finally, defendant has adduced no authority for the contention that the grand jury testimony was required to be recorded and made available for discovery. His motion to dismiss for the state's failure to record that testimony was properly denied. *State v. Hartfield,* 290 Or 583, 592,

624 P2d 588 (1981), concerns requests for *existing* recordings of grand jury testimony, and *State ex rel Smith v. Murchison,* 286 Or 469, 473, 595 P2d 1237 (1979), holds that the state is not required to preserve grand jury testimony unless the state selectively records only the testimony of defendant, in which case fairness requires that the testimony of all witnesses be recorded. *State ex rel Drew v. Steinbock,* 286 Or 461, 595 P2d 1234 (1979). That is not the case here.

Affirmed.