Argued and submitted November 20, 1987, reversed and remanded with instructions February 10, reconsideration denied March 18, petition for review denied April 5, 1988
(305 Or 467)

STATE ex rel WOODEL et al,
*Respondents,*

*v.*

WALLACE,
*Appellant.*

(C86-12-145; CA A42847)

750 P2d 178

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for respondent State of Oregon ex rel Richard and Crystal Woodel. With her on the brief was Gary D. Babcock, Public Defender, Salem.

No appearance for respondent Sarah Herbold.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

---

* Joseph, C. J., *vice* Young, J., deceased.

## VAN HOOMISSEN, J.

This appeal arises from writ of mandamus. Defendant seeks reversal of a trial court order requiring him to record the testimony of all witnesses appearing before the grand jury in the matter for which plaintiffs were subpoenaed. The dispositive issue is whether the court had the authority to enter the challenged order. We conclude that it did not and reverse.

Plaintiffs were contacted by police during an arson investigation. They exercised their right to counsel. After unsuccessful attempts at negotiation, plaintiffs were subpoenaed to appear before the grand jury. They asked defendant, the district attorney, to seek a court order requiring recording of their grand jury testimony. He refused. Plaintiffs then petitioned for a writ of mandamus to require recording. On the return, the court allowed the writ and ordered "recording of the testimony of all witnesses * * * who appear before the Grand Jury in regard to the matter for which plaintiffs were subpoenaed." Defendant appeals.

Defendant argues that the court has no statutory authority to order the recording, that plaintiffs' federal constitutional arguments have previously been held to be without merit, *State ex rel Smith v. Murchison,* 286 Or 469, 473, 595 P2d 1237 (1979); *State ex rel Johnson v. Roth,* 276 Or 883, 557 P2d 230 (1976), and that their state constitutional argument lacks merit. Plaintiffs contend that the trial court had statutory authority to order recording. They also contend that recording is required by the equal privileges or equal protection provisions of the state and federal constitutions.[1]

Recording of grand jury testimony is governed by

---

[1] Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which upon the same terms, shall not equally belong to all citizens."

The Fourteenth Amendment provides, in relevant part:

"No state * * * shall deny to any person within its jurisdiction the equal protection of the laws."

No due process argument has been made.

ORS 132.090.[2] In *State ex rel Johnson v. Roth, supra,* 276 Or at 888, the Supreme Court held that ORS 132.090 does not give a circuit court judge authority, on a motion made by a potential criminal defendant, to enter an order requiring recording of the testimony of witnesses before a grand jury. Such an order could only be entered on motion of the district attorney. *See State ex rel Smith v. Murchison, supra; State ex rel Drew v. Steinbock,* 286 Or 461, 595 P2d 1234 (1979).

■  Plaintiffs argue that ORS 132.090 is not the only source of authority to order recording of grand jury testimony and that that authority is found also in ORS 1.010, which provides, in relevant part:

"Every court of justice has power:

"* * * * *

"(5)  To control, in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every manner appertaining thereto."

That statute is a general statute about the power of courts. ORS 132.090 is a specific statute governing the power of courts to order recording of grand jury testimony. In the absence of evidence of contrary intent, the specific statute controls. *See Davis v. Wasco IED,* 286 Or 261, 272, 593 P2d 1152 (1979); 2A Sands, *Sutherland on Statutory Construction* at 315, § 51.05. Thus, a court has authority to issue an order only on motion of the district attorney.

■  Plaintiffs argue that denying their motion would deny them equal protection, because the state has the right to have testimony recorded. We disagree. Article I, section 20, does not require that citizens be given the same privileges given the state. It only forbids "inequality of privileges or immunities not available 'upon the same terms,' first, to any citizen, and second, to any class of citizens." *State v. Clark,* 291 Or 231, 237, 630 P2d 810, *cert den* 454 US 1084 (1981). The clause may be invoked by an individual who demands equality

---

[2] ORS 132.090(2) provides, in relevant part:

"*Upon a motion filed by the district attorney* in the circuit court, the circuit judge may appoint a reporter who shall attend the sittings of the grand jury to take and report the testimony in any matters pending before the grand jury * * *." (Emphasis supplied.)

of treatment with other individuals, as well as by a person who demands equal privileges or immunities for a class to which that person belongs. 291 Or at 237. It requires that persons similarly situated be treated similarly, in the absence of a showing of a basis for different treatment.

In this case, the classification, if any, is between the state and its citizens. The state is not required to allow witnesses, including potential criminal defendants, the right to require recording of grand jury testimony merely because the district attorney can obtain such an order. Plaintiffs have not shown that they were singled out for discriminatory treatment either as individuals or as members of a class. We conclude that the trial court erred. We reach the same conclusion under the Fourteenth Amendment.

Reversed and remanded with instruction to quash the writ of mandamus.