Argued January 19, affirmed February 9, reconsideration denied March 17, petition for review denied April 13, 1976

## STATE OF OREGON, *Respondent,*

*v.*

## JOHN PAUL TALBOT, *Appellant.*

(No. 75 2185, CA 4959)

545 P2d 599

*Ernest E. Estes,* certified law student, Willamette University, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and Robert C. Cannon, Deputy Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

Defendant, John Paul Talbot, was convicted after a bench trial of the crimes of robbery, kidnapping in the second degree, unauthorized use of a motor vehicle and theft. All of the crimes were allegedly committed by defendant during the course of a holdup and robbery of a service station.

Defendant appeals, contending that the trial court erred in denying his motion for a judgment of acquittal as to the kidnapping count, and in finding him guilty thereon.

Defendant's contention is grounded on his claim that the evidence showed that defendant did not 'transport' the victim, and therefore was wrongly convicted of kidnapping.

Shortly after 5 p.m. on April 27, 1975, Alan Rictor, the victim of the kidnapping, drove to a service station in Junction City to pick up his girlfriend, Donna Sims, who worked at the station. When he arrived she was closing up. He parked his automobile at the south end of the service station lot to wait for her. Rictor saw a man, later identified as the defendant, cross the street to the gas station, hesitate and then walk to Rictor's automobile. Defendant thereupon thrust a pistol through the broken wing window of Rictor's automobile. Defendant appeared to inject a shell into the pistol's chamber and then told Rictor to step out of the car. Rictor complied and was instructed to walk to the service station. Defendant then placed the gun in the pocket of his windbreaker, and both he and Rictor walked to the door of the station. Rictor knocked on the locked door of the station as instructed by defendant, but Miss Sims was putting the money into the safe and did not answer. After the men had waited 10 to 15 minutes, Miss Sims opened the door. Rictor was instructed to step into the gas station. Inside the station, defendant ordered both Rictor and Miss Sims to step around a partition and to sit down. Defendant

[ 381 ]

obtained the key to the safe from Miss Sims, opened the safe and recovered a money bag containing approximately $25.

Defendant then asked Rictor where the keys to his car were located. Rictor replied that they were in the car. Defendant left, appropriating Rictor's automobile, and drove to a Safeway store located across the street from the station. He parked in the rear of the store. Defendant then left Rictor's automobile and entered a van which was also parked in the parking lot.

Rictor saw a police car parked on the corner near the station and informed the officer of the robbery. Officers subsequently arrested defendant in the Safeway parking lot. The money bag and a .25 caliber automatic weapon were taken from the pockets of a jacket found in the van.

Defendant contends that the movement of Rictor from his auto to the service station did not establish sufficient asportation to sustain a separate charge of kidnapping in the second degree because it was merely incidental to the robbery which was defendant's primary intent. He argues that the movement of Rictor also did not increase appreciably the threat of injury or physical violence to Rictor than did the robbery itself.

ORS 163.225(1)(a) provides:

"(1) A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, he:

"(a) Takes the person from one place to another * * *."

We conclude that the trial judge did not err in denying defendant's motion for a judgment of acquittal on the kidnapping charge.

After examining the above statute together with its legislative history,[1] we are satisfied that the language,

[1] See the following: Proposed Oregon Criminal Code 98, at 100, Commentary, §§ 98, 99 (1970); Proposed Oregon Criminal Code (preliminary draft No. 1, ch 12), § 3 (1968); Minutes, Criminal Law Revision Commission, Subcommittee No. 2, October 25, 1968, p 3.

"Takes the person from one place to another * * *" means exactly what it says, and that the movement of Rictor from his car to the service station was sufficient to constitute asportation.

In *State v. Swaggerty,* 15 Or App 343, 515 P2d 952 (1973), we held that an asportation of the victim from a downtown Salem parking lot to a motel in the same city where defendant then raped the victim was a sufficient asportation so that kidnapping in the second degree was chargeable as an offense separate from rape.

We are not unmindful that some jurisdictions have taken a contrary view, *see,* Annotation, *Kidnapping— Asportation for Other Crime,* 43 ALR3d 699 (1972). Unlike the facts in the New York, Michigan and California cases relied upon by defendant, here the two crimes, kidnapping and robbery, were committed against two separate victims.

In view of the express language of our statute, and the commentary thereon, we believe that the trial judge's interpretation is in accordance with the intention of our legislature in enacting this provision.

No doubt there comes a time in a case of this type when the distance which a person is required to move is so small that the movement becomes de minimus, i.e., too small to constitute a prohibited movement from one place to another. Suffice it to say, however, this is not such a case.

Affirmed.