STATE OF OREGON, *Respondent,*

*v.*

KURT DAYTON GEHRING, *Appellant.*

(No. 75-115-C-3, CA 5104)

547 P2d 167

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was convicted after jury trial of kidnapping in the first degree (Count I) and assault in the third degree (Count II). The trial judge sentenced defendant to a term of 30 years' imprisonment on Count I and one year in the county jail on Count II.

He appeals assigning as error the denial of his motion for judgment of acquittal on the kidnapping count. The thrust of defendant's contention is that the evidence showed that defendant did not move the victim a sufficient distance to constitute the crime of kidnapping.

At about 8:45 p.m., on November 26, 1974, the victim was walking home from her place of employment. As she approached her home defendant, who was armed with a knife, grabbed her arm, told her not to say anything and to follow him. Defendant told her he would kill her if she did not comply.

Defendant and the victim walked by two houses and into an alley. She became ill and frightened and fell to the ground. Defendant tried to pull her up. He then kneeled down and started to manipulate her legs. The victim started screaming and squirming. Defendant became frightened, got up, kicked the victim in the stomach and ran off down the alley. He was apprehended shortly thereafter.

■ On the authority of our recent decision in *State v. Talbot,* 24 Or App 379, 545 P2d 599 (1976), we conclude that there was more than sufficient movement of the victim from one place to another to constitute kidnapping under ORS 163.225.

■ However, as in *State v. Swaggerty,* 15 Or App 343, 515 P2d 952 (1973), it is our conclusion that the evidence does not establish that the kidnapping was committed for one of the specific purposes enumerated in the first degree kidnapping statute, ORS 163.235, and that defendant's conviction for first degree kidnapping

cannot therefore stand. The evidence does establish that the defendant was guilty of the lesser included crime of kidnapping in the second degree, ORS 163.225. *State v. Swaggerty,* supra. Accordingly, we vacate the judgment and remand for further proceedings consistent with this opinion.

Affirmed as modified and remanded with instructions.