Argued March 21, remanded for resentencing July 5, reconsideration denied August 16, petition for review denied December 12, 1978

(284 Or 521)

STATE OF OREGON, *Respondent,*

*v.*

ROBERT LAVERNE DIRKS, *Appellant.*

(No. C77 07 09383, CA 9497)

581 P2d 85

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Carol J. Molchior, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from his conviction, after a jury trial, of two counts of custodial interference in the first degree involving two children of another. ORS 163.257.[1] He was sentenced on both counts with the terms to run consecutively. He assigns as error the denial of his motions for judgment of acquittal and for a directed verdict, and the failure of the trial court to merge the convictions for the purpose of sentencing.

It was alleged that defendant transported two children from Oregon to California without any legal authority. The two children, Perry and Janet, first became acquainted with the defendant when they and their mother were living in Santa Cruz, California. Defendant's cousins lived near the children's home, and defendant met the children through his cousins. Defendant bought the children gifts that their mother could not afford.

The children's mother, becoming disturbed by this attention defendant gave to her children, moved to a different part of the city. She told defendant she did not want him to see her children anymore. However, defendant continued to see the children, in particular Perry, whom defendant would pick up after school or near his home. After a year, the children's mother decided to leave Santa Cruz and move to Portland, Oregon. One reason for the move was to keep her son away from defendant. She again told defendant that she did not want him to see her children anymore.

After about one month, defendant came to Portland to get Perry, aged 14, and Janet, aged 15, pursuant to a

---

[1] ORS 163.257 provides:

"(1) A person commits the crime of custodial interference in the first degree if he violates ORS 163.245 and:

"(a) Causes the person taken, enticed or kept from his lawful custodian to be removed from the state; or

"(b) Exposes that person to a substantial risk of illness or physical injury.

"(2) Custodial interference in the first degree is a Class C felony."

plan formulated with the children who were homesick for their friends in Santa Cruz. The children did not tell their mother of their plan to return to California with defendant. When defendant arrived the children began to pack. The children's mother asked where they were going, and when informed of the plan she told them not to go. This was done in defendant's presence. Defendant indicated to the mother that he was going to "steal your kids."

After defendant departed with the children, their mother, who the evidence indicates was nearly hysterical at this point, asked a friend to call the police for assistance in returning her children. Defendant was subsequently arrested in Santa Cruz and the children were taken into protective custody.

I

Defendant first contends that his motions for acquittal and directed verdict should have been granted because there was insufficient evidence that (1) defendant knew or had reason to know that he did not have consent to take the children and (2) defendant intended to hold the children permanently or for a protracted period of time.

Resolving conflicts in the evidence in favor of the state, *State v. Duggan,* 215 Or 151, 333 P2d 907 (1958), we conclude that the defendant, at the least, had reason to know that he did not have consent to take the children with him. Prior to this incident the children's mother had sought to separate the defendant from the children, even to the extent of moving her family. When defendant arrived at the children's house and their mother was informed of his purpose, she told the children in defendant's presence not to go because they did not have a way back. Defendant indicated that he was stealing her children, and his actions were pursuant to a plan unknown to the mother. This is sufficient evidence to support the jury's verdict. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974).

■ As to whether the evidence was sufficient to show that defendant intended to hold the children for a permanent or protracted period of time, as those terms are used in ORS 163.245, the record indicates that the mother was not informed of any plan to return the children, although the children apparently thought they would return to Portland in August. Even assuming that defendant intended to keep the children for only two months, we conclude that this would be sufficient evidence of an intent to hold for a protracted period of time. We were confronted with a similar question in *State v. Talbot,* 24 Or App 379, 383, 545 P2d 599, *rev den* (1976). In *Talbot* a question arose as to the amount of movement of a victim required to constitute the crime of kidnapping.

To paraphrase *Talbot,* no doubt there comes a time in a case of this type when the length of time a person holds a child is so brief that the unlawful holding becomes de minimus, i.e., too short to constitute a crime. Suffice it to say, however, that this is not such a case.

## II

Defendant assigns as error the trial court's sentencing him on each count of custodial interference to consecutive sentences. Defendant argues that the charges should have been merged, and the court permitted to sentence on only one conviction.

■ In determining whether a given act or transaction constitutes one or more offenses, the number of offenses is the same as the number of victims.[2] ORS 131.505(3); *State v.. Gilbert,* 281 Or 101, 109, 574 P2d 313 (1978); *State v. Cloutier,* 33 Or App 121, 125, 575

---

[2]It is possible there may be multiple offenses where there is only one victim, but it depends upon the spatial, temporal and other circumstances of the criminal conduct involved. *State v. Cloutier,* 33 Or App 121, 126, 575 P2d 996 (1978). It is clear that the children in this case were taken in the same transaction with no spatial, temporal or other distinguishing factors present.

P2d 996 (1978). Thus, in the instant case it is necessary to determine whom ORS 163.257 was intended to protect and thereby discover how many victims were involved in the transaction.

The essence of the crime of custodial interference is the *keeping of a person from his lawful custodian* without a legal right to do so. This indicates a legislative intent to protect the custodian's interest in custody. The Commentary to the Proposed Oregon Criminal Code supports this reading and states:

" * * * [ORS 163.245 and 163.257] are intended to cover the 'child-stealing' situations and to protect the rights of a person having legal custody of another against invasion by those having no right to custody. * * *" Proposed Oregon Criminal Code 101, Commentary § 101 (1970).

Further discussion of this issue in the Commentary is contained under the kidnapping provisions where, in discussing the old child-stealing statute, former ORS 163.640, the Commentary states:

"* * * ORS 163.640, the child-stealing statute, is concerned with the right of the parent to the custody of the child so that stealing the child is primarily an offense against the parent. *State v. Metcalf,* 129 Or 577, 278 P 974 (1929). The separate offense of child-stealing covered by ORS 163.640 is incorporated into the offense of custodial interference and ORS 163.640 will be repealed." Proposed Oregon Criminal Code 100-01, Commentary § 99 (1970).

We therefore conclude that the victim of conduct constituting custodial interference, for the purposes of merger, is the lawful custodian which, in this instance, is the mother of the children taken by defendant. The taking of the children without a legal right to do so was not of such a nature that it could be considered separate offenses against the same victim. The trial court erroneously sentenced the defendant to both charges.

Remanded for resentencing.