Argued and submitted December 12, 1979, affirmed February 19, reconsideration denied May 29, petition for review denied June 10, 1980 (289 Or 275)

# STATE OF OREGON,
*Respondent,*

*v.*

# FRANCISCO JUAREZ CAZARES,
*Appellant.*

(No. 79-1006-C-3 CA, 15325
No. 79-1007-C-3, CA 15290)

(Cases Consolidated)

606 P2d 688

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Christian W. Van Dyke, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

[621]

## JOSEPH, P.J.

Defendant was indicted separately for kidnapping in the second degree and attempted rape. After trial to the court defendant was convicted of both crimes. The sole assignment of error is the court's denial of defendant's motion for judgment of acquittal on the kidnapping charge, which was based solely on contentions that the asportation element of the kidnapping charge was *de minimis* and that the alleged kidnapping was incidental to the attempted rape and could not be separately prosecuted or punished.

The victim, 15 years of age, was approached by defendant at about midnight on a Medford city street. After being propositioned several times, the victim screamed at defendant to leave her alone. Walking on, she then turned to see him approaching her with his genitals exposed. She tried to cross the street, but defendant pursued her. Midway across the road, he seized her and carried her to the other side, where he attempted to force her down beside some shrubbery. When a third party intervened, defendant fled.

Defendant cites *dicta* in *State v. Talbot,* 24 Or App 379, 383, 545 P2d 599, *rev den* (1976), for the proposition that in a case of this kind a very minimal asportation would not constitute the movement from one place to another prohibited by ORS 163.225(1)(a).[1] He contends that the carrying of the victim across half the width of a street is so slight a movement as to be *de minimis.* We also said in *State v. Talbot, supra* at 383, that the statutory language "takes the person from one place to another" means exactly what it says. No Oregon case has held a kidnapping to be incidental to another crime, such as rape or robbery, on a minimal asportation theory.

---

[1] ORS 163.225(1)(a) provides:

"(1) A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, he:

"(a) Takes the person from one place to another ***."

A different solution to the problem is presented by *State v. Garcia*, 288 Or 413, 605 P2d 670, (1980). For the purpose of determining whether kidnapping is incidental to another crime, the Supreme Court has identified the critical factor to be substantial interference as a matter of intent:

> "*** As finally enacted the law does not even require that there actually be a substantive interference with the victim's personal liberty. It is only necessary that the perpetrator have the *intent* to interfere substantially with the victim's personal liberty to make the malefactor guilty of kidnapping if he commits any act proscribed by ORS 163.225. ***" 288 Or at 421.

In this case, although the focus of the arguments to the trial court was upon the distance the victim was asported, the trial court did find that the state had proven all of the material allegations of the kidnapping indictment,[2] including intent, sufficiently to satisfy the burden of proof. There was sufficient evidence to support that finding of intent. *State v. Krummacher*, 269 Or 125, 137-8, 523 P2d 1009 (1974). Defendant spoke to the victim, told her he had beer and marijuana in his room and asked whether she wanted to come up. It was after she had refused him several times and began screaming that he chased her, stopped her from proceeding in her chosen direction and carried her off. From these facts the finder of fact could fairly have inferred that the defendant intended to interfere substantially with the victim's personal liberty.

Affirmed.

---

[2] The indictment alleging kidnapping states in pertinent part:

"The above named defendant(s) on or about the 5th day of April, 1979, in the County of Jackson and State of Oregon then and there being, did unlawfully and knowingly, without consent or legal authority, take Deborah Lynn Courtwright from one place to another, with the intent to interfere substantially with the said Deborah Lynn Courtwright's personal liberty, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."