Argued and submitted December 12, 1979,
affirmed February 25, 1980

STATE OF OREGON,
*Respondent,*
*v.*
CRAIG WILLIAM DORSEY,
*Appellant.*

(No. 24756, CA 15028)

607 P2d 204

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

After trial to the court, defendant was convicted of kidnapping in the second degree[1] and rape in the first degree.[2] Defendant assigns as error (1) denial of his motion for judgment of acquittal on the grounds of insufficient evidence and (2) entry of a judgment of conviction for kidnapping in the second degree.

Defendant first asserts that the evidence at trial was insufficient to show either lack of consent to the transportation element of kidnapping or forcible compulsion in the alleged rape. The testimony of the victim, whom the judge found credible, indicated that the defendant grabbed the victim, slapped her, threw her down on his lap and held her with his arm underneath her neck while he drove out of town. After the victim was let out of the car, she tried to escape, but defendant restrained her, struck her on the head, ripped her shirt and bra, shoved her into the back of the car, ripped a button off her pants, and held her hands behind her head while having sexual intercourse with her. That evidence was patently sufficient to show lack of consent and forcible compulsion. The motion for judgment of acquittal was properly denied. *State v. Krummacher,* 269 Or 125, 137-8, 523 P2d 1009 (1974).

At the close of trial, the judge returned verdicts of guilty to both the kidnapping and rape charges. At the sentencing hearing, he said:

---

[1] ORS 163.225 provides in pertinent part:

"(1) A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, he:

"(a) Takes the person from one place to another ***

"* * * * *."

[2] ORS 163.375 provides in pertinent part:

"(1) A person who has sexual intercourse with a female commits the crime of rape in the first degree if:

"(a) The female is under 12 years of age ***

"* * * * *."

> "I'm satisfied in my own mind that—that the kidnap and the rape are one in [*sic*] the same. I just see them as the same crime, and I'm going to only sentence you for the rape and merge the kidnap into the rape. ***"

The judgment order shows both convictions and also contains this language: "Kidnapping in the Second Degree charge is merged into Rape in the First Degree charge for purposes of sentencing."

The signed order recites separate convictions for rape and for kidnapping. This is not a situation where merger of the two convictions is compelled. *See State v. Cloutier,* 286 Or 579, 598-99, 596 P2d 1278 (1979).

For the purpose of determining whether kidnapping is incidental to another crime, the Supreme Court has identified the critical factor to be substantial interference as a matter of intent. *State v. Garcia,* 288 Or 413, 421, 605 P2d 670 (1980). In *Garcia,* distance was noted as one factor to be considered by the trier of fact in assessing whether the interference intended was substantial. In this case, the victim attempted to exit from defendant's vehicle but was continuously restrained by him as he drove her eight miles out of town to an isolated area. That was sufficient evidence to allow the court to conclude that defendant intended to interfere substantially with the victim's personal liberty. It was therefore not error to enter separate convictions for the two crimes.

ORS 137.010(5)[3] requires that a sentence be imposed for every conviction, unless imposition of sen-

---

[3] ORS 137.010(5):

"(5)  When a person is convicted of an offense and the court does not suspend the imposition or execution of sentence or when a suspended sentence or probation is revoked, the court shall impose the following sentence:

"(a)  A term of imprisonment; or

"(b)  A fine; or

"(c)  Both imprisonment and a fine; or

"(d)  Discharge of the defendant."

tence is suspended or the defendant is discharged. Here, the order indicates that the judge intended to impose only a sentence for the rape conviction. That was not an error about which the defendant can complain.

Affirmed.