Argued and submitted June 30, affirmed in part and reversed in part October 8, reconsideration denied November 21, petition for review denied December 23, 1986
(302 Or 460)

STATE OF OREGON,
*Respondent,*

*v.*

ARCHIE LEE JEFFERSON,
*Appellant.*

(10-85-06339; CA A37706)

726 P2d 392

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

**WARDEN, P. J.**

Defendant was indicted in three counts for kidnapping in the second degree, ORS 163.225, robbery in the third degree, ORS 164.395, and unauthorized use of a vehicle, ORS 164.135. The court, sitting without a jury, found him guilty on all counts. It merged the conviction for unauthorized use of a vehicle into the robbery conviction. Defendant only appeals the conviction for kidnapping in the second degree, contending that his acts failed to meet the asportation requirement of ORS 163.225(1)(a). We conclude that the asportation requirement was not met, and we reverse.

The facts are not in dispute. At about 3:00 a.m. on July 23, 1985, the victim left a friend's apartment and entered her automobile. She began to drive down an alley when defendant walked in front of the car. She stopped to avoid hitting him, stalling the car in the process. Defendant asked for a ride "to the end of the street," but she refused. He then opened the driver's door and pushed his way onto the driver's seat. The upper two-thirds of her body was pushed off the driver's seat to the area between the bucket seats, where the emergency brake was located; however, her feet remained in the area of the driver's pedals. She attempted to fight off defendant, and he tried to elbow her out of the way as he unsuccessfully attempted to start the car by turning the key in the ignition. She screamed as she continued trying to push him out of the car. When another person came out of a house nearby, defendant jumped out of the car and ran off. She estimated that the episode in the car lasted from one and a half to five minutes. Defendant was apprehended a short distance away.

At trial, defendant moved for a judgment of acquittal on the second degree kidnapping count. The court denied the motion, and defendant assigns the denial as error.

The statute under which defendant was convicted, ORS 163.225(1), provides:

"(1)   A person commits the crime of kidnapping in the second degree if, with the intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person:

"(a)   Takes the person from one place to another; or

"(b) Secretly confines the person in a place where the person is not likely to be found."

The leading case interpreting the kidnapping statutes, ORS 163.225 (second degree kidnapping) and ORS 163.235 (first degree kidnapping), is *State v. Garcia,* 288 Or 413, 605 P2d 671 (1980). After an extensive discussion of legislative history, the court concluded:

"As finally enacted the law does not even require that there actually be a substantial interference with the victim's personal liberty; it is only necessary that the perpetrator have the '*intent* to interfere substantially' with the victim's personal liberty to make the malefactor guilty of kidnapping if he commits an act proscribed by ORS 163.225." 288 Or at 421. (Emphasis in original.)

The state argues that the proper focus of inquiry under *Garcia* is whether defendant had the requisite intent to interfere with the victim's liberty. That argument ignores the phrase in *Garcia:* "if he commits an act proscribed by ORS 163.225." The proper interpretation of the statute and *Garcia* is that the defendant must *first* either take the victim from one place to another or secretly confine the victim in a place where the person will not likely be found; *then* the inquiry becomes whether the defendant had the requisite intent to interfere substantially with the victim's personal liberty. Any other reading would render superfluous the requirement that the defendant commit the acts proscribed by ORS 163.225(1)(a) or (b). We agree with defendant that the movement of the upper two-thirds of the victim's body off the driver's seat does not meet the statutory requirement of "tak[ing] the person from one place to another."

■ This case can be distinguished on its facts from those cases decided since *Garcia* which are cited by the state in its brief. In each of those, the asportation of the victim met the requirement of ORS 163.225(1)(a). In *State v. Larsen,* 44 Or App 643, 606 P2d 1159, *rev den* 289 Or 373 (1980), the defendant took the victim from a taxicab, moved her up an embankment and later moved her up a hill. In *State v. Cazares,* 44 Or App 621, 606 P2d 688, *rev den* 289 Or 275 (1980), the defendant took the victim across the street and into some shrubbery. In *State v. Dorsey,* 44 Or App 721, 607 P2d 204 (1980), the defendant held the victim in a vehicle and drove

the vehicle eight miles out of town. The state particularly relies on language in a jury instruction upheld in *State v. Dinkel,* 49 Or App 917, 621 P2d 626 (1980), which in part reads: "[A]ll that is required is that there is some movement of the victim by the defendant with the intent to interfere substantially with the victim's personal liberty." 49 Or App at 924. However, we added that, "[a]lthough the distance involved in this case was minimal [55 feet], *the victims were taken from one place to another."* 49 Or App at 924. (Emphasis supplied.) In this case, defendant simply did not take the victim from one place to another. He never moved her off the driver's seat, and he never drove the car with her inside it.

■ The state has requested that, if we reverse the conviction, we modify it to one of attempted kidnapping in the second degree. There is nothing in the record to indicate that the state requested the trial judge, as trier of fact, to consider the elements of the lesser-included offense. The record also gives no indication that the court in fact considered the elements of the lesser-included offense. We therefore cannot modify the conviction to attempted kidnapping in the second degree. *State v. Allen,* 301 Or 35, 717 P2d 1178 (1986).

Conviction for kidnapping reversed; otherwise affirmed.