Argued and submitted November 29, 1995, affirmed February 21, petition for review denied June 18, 1996 (323 Or 483)

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL EDWARD THOMAS,
*Appellant.*

(93-CR-0111-15; CA A83538)

911 P2d 1237

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the the opening brief was Sally L. Avera, Public Defender. On the supplemental brief was Michael Edward Thomas.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the respondent's brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, Janet A. Klapstein, Assistant Attorney General, and Allan E. Smith, Certified Law Student. With him on the respondent's supplemental brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Defendant was convicted by a jury of two counts of burglary in the first degree, ORS 164.225, kidnapping in the first degree, ORS 163.235, coercion, ORS 163.275, and two counts of rape in the first degree, ORS 163.375. Defendant assigns error only to the trial court's denial of his motion for a judgment of acquittal, ORS 136.445, on the charge of kidnapping in the first degree. On review, we examine the evidence in the light most favorable to the state to determine whether it is sufficient for a rational factfinder to find beyond a reasonable doubt that defendant committed the crime of kidnapping. *State v. Garcia*, 288 Or 413, 421, 605 P2d 671 (1980). We affirm.

Defendant and the victim once lived together but, after their breakup, the victim obtained a restraining order against defendant. The victim's testimony at trial presents the following account of the incident that led to defendant's convictions. On July 6, 1993, the victim came home from shopping and watching a baseball game. Defendant was in her home, came out from behind a curtain, grabbed her, shut and locked the front door and pushed her onto a couch. He held her by the hair, placed a knife to her throat and repeatedly threatened to kill her. He then pulled her by her hair into the bathroom, threw her to the floor and prevented her from standing up. The victim struggled briefly with defendant and was cut on the thumb by his knife. When she realized that resistance was futile, she stopped struggling and defendant sat her on the toilet and demanded, under threat of death, that she write a note assigning to him one-half interest in her house and truck. He left the bathroom to find a pen and paper, but prevented her from escaping by repeatedly returning and forcing her to sit down, brandishing the knife and threatening to kill her. When he returned with the paper, he closed the door and barred it by opening a drawer. He told victim what to write, and pulled her hair and threatened her with the knife whenever she stopped writing. Defendant then pulled down victim's pants and raped her, first forcing her to bend over the side of the bathtub and then to lay propped up by the toilet. The victim escaped after a friend entered the house through an unlocked back door and

heard her yelling for help. The victim's friend forced her way into the bathroom, prompting defendant to flee.

Defendant subsequently was convicted on the multiple counts described above. On appeal, he argues that there was insufficient evidence to support a finding that the asportation requirement of kidnapping in ORS 163.225-(1)(a) was satisfied, because defendant took victim only from one room to another in the same house, a distance that the evidence shows "wasn't much more than 10 to 12 feet." According to defendant, the asportation element is not met unless the victim was taken a substantial distance. He also argues that movement of the victim into the bathroom was "only incidental to the other crimes."

■ ORS 163.235 defines kidnapping in the first degree as an aggravation of kidnapping in the second degree.[1] The elements of the latter crime are all that is relevant to our current inquiry. ORS 163.225 specifies that:

"(1) A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person:

"(a) Takes the person from one place to another; or

"(b) Secretly confines the person in a place where the person is not likely to be found."

Analysis under the statute first requires a showing that defendant took the victim from one place to another; then the inquiry becomes whether defendant had the intent to interfere substantially with the victim's personal liberty. *State v. Jefferson*, 81 Or App 479, 482, 726 P2d 392, *rev den* 302 Or 461 (1986).

---

[1] ORS 163.235 provides:

"(1) A person commits the crime of kidnapping in the first degree if the person violates ORS 163.225 with any of the following purposes:

"(a) To compel any person to pay or deliver money or property as ransom; or

"(b) To hold the victim as a shield or hostage; or

"(c) To cause physical injury to the victim; or

"(d) To terrorize the victim or another person.

"(2) Kidnapping in the first degree is a Class A felony."

The statutory phrase, "takes a person from one place to another," means exactly what it says, *State v. Talbot*, 24 Or App 379, 383, 545 P2d 599, *rev den* (1976), and has repeatedly been cited to defeat the theory of *de minimis* asportation advanced by defendant. *See State v. Dinkel*, 49 Or App 917, 924, 621 P2d 626 (1980) (victims moved from one room of house to another); *State v. Cazares*, 44 Or App 621, 623, 608 P2d 688, *rev den* 289 Or 275 (1980) (victim carried from middle of road to shrubbery beside road); *cf. State v. Montgomery*, 50 Or App 381, 386, 624 P2d 151, *rev den* 290 Or 727 (1981) (victim was "secretly confined" in his own bathroom within meaning of ORS 163.225(1)(b)). We have found only one Oregon appellate case in which the asportation of the victim did not meet the requirement of ORS 163.225(1)(a). In *Jefferson*, we held that the victim was not moved from one place to another, because the defendant only displaced the upper two-thirds of the victim's body and never moved her off the driver's seat or drove the car with her inside it. 81 Or App at 483. In this case, although the distance involved was only 10 to 12 feet, the victim was taken from one place to another within the meaning of ORS 163.225(1)(a). *Dinkel*, 49 Or App at 924.

We next address defendant's argument that the movement of the victim into the bathroom was "only incidental to the other crimes," and did not manifest an "intent to interfere substantially with the victim's personal liberty."

In *Garcia*, the Supreme Court reviewed the history of the kidnapping statute and concluded that the legislature intended that a perpetrator be punished for the "separate crime of kidnapping where the * * * asportation is *not merely incidental* to the commission of the underlying crime." 288 Or at 420. (Emphasis in original.) Kidnapping is not incidental to the commission of another crime where the perpetrator has the intent to interfere substantially with the victim's liberty. *Id.* at 421; *Montgomery*, 50 Or App at 385. Whether the perpetrator had that intent is a question of fact to be determined in the adjudicative process. *Garcia*, 288 Or at 421. The distance a victim was moved is one factor to be considered by the trier of fact in assessing the substantiality

of the defendant's intended interference with the victim's liberty.[2] *Dinkel*, 49 Or App at 924.

Defendant claims that "he had forced [the victim] into the bathroom for privacy." The victim's testimony, by contrast, portrays a frightening tale of capture and imprisonment. She was dragged by the hair into the bathroom, threatened repeatedly with a knife, thrown to the floor and prevented from standing, prevented from leaving while defendant searched for a pen and paper, forced to write a note while being terrorized and held captive, confined in the bathroom behind a closed door barred by an open drawer and, finally, raped. Defendant's desire for "privacy" assured the victim's loss of liberty. Under these facts, there was ample evidence from which a rational jury could find beyond a reasonable doubt that defendant intended to interfere substantially with the victim's liberty. The trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.

---

[2] In his *pro se* supplemental brief, defendant assigns error to a trial court ruling that sustained an objection made by the state during defendant's closing argument. According to defendant, that ruling prevented the jury from considering distance as a factor in its determination of whether defendant intended to interfere substantially with victim's personal liberty. Defendant's assignment is without merit.